# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| TYRONE STRICKLAND, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 07-cv-1309 |
| | ) |
| EDDIE JONES, et al., | ) |
| | ) |
| Respondents. | ) |

## **O R D E R**

Before the Court are the Petition for Writ of Habeas Corpus filed by Petitioner, Tyrone Strickland, on November 16, 2007 [Doc. 1], the Motion for Appointment of Counsel filed by Petitioner on November 16, 2007 [Doc. 2], and the Motion to Proceed *in forma pauperis*, filed by Petitioner on November 21, 2007 [Doc. 3].  For the reasons that follow, the Petition is DISMISSED WITHOUT PREJUDICE in part, the Motion for Appointment of Counsel is DENIED, and the Motion to Proceed *in forma pauperis* is GRANTED.

### Motion to Proceed *in forma pauperis*

Petitioner has filed an affidavit in which he indicates that he is currently employed by the prison where he is incarcerated and that he receives $20.00 per month.  He further states that he receives no income from other sources, including gifts, and that he has no assets.  Petitioner failed to attach a certified copy of his prisoner trust fund account to his

original Motion as required by 28 U.S.C. § 1915(a)(2).  After prompting by the Court, Petitioner submitted his trust fund ledger.  This document, however, is not certified and appears to only contain debits from his account (the statement does not include deposits like the $20.00 per month that Petitioner earns while incarcerated).  Rather than belaboring this matter and requiring the filing of another properly certified account statement, the Court will accept the documents on file as representing Petitioner's income and debits.

In accordance with § 1915, this Court finds that Petitioner is indigent and incapable of paying the full filing fee at this time.  However, in accordance with § 1915(b)(1), Petitioner is required to pay an initial filing fee that equals 20% of his average deposits or 20% of his average monthly balance for the preceding 6 months, whichever is greater.  Petitioner has represented that he makes $20.00 per month and the Court assumes this amount is deposited in Petitioner's trust fund account.  As Petitioner has averred that he has no other income, especially in the form of gifts or other incoming deposits, the Court will assume that the $20.00 represents his total monthly deposits.  As such, Petitioner shall pay an initial filing fee of **$4.00.** In addition, pursuant to § 1915(b)(2), Petitioner's custodian shall forward to the Clerk, in monthly payments, 20% of the preceding months income credited to Petitioner's account when

the amount in the account exceeds $10.00 until the full $5.00 filing fee is paid.

## Motion for Appointment of Counsel

Civil litigants are not entitled to a court appointed attorney.  Johnson v. Doughty, 433 F.3d 1001, 1006 (7th Cir. 2006).  However, the Court may request an attorney to represent an indigent litigant.  28 U.S.C. §1915(e)(1).  Prior to such a request, the litigant must show that he made a reasonable attempt to acquire counsel without Court intervention.  Jackson v. County of McLean, 953 F.2d 1070, 1073 (7th Cir. 1992).  After a litigant has made such an attempt, the Court considers whether "given the difficulty of the case, d[oes] the plaintiff appear to be competent to try it himself, and, if not, would the presence of counsel [] [make] a different in the outcome?" Farmer v. Haas, 990 F.2d 319, 322 (7th Cir. 1993).

In addition to the foregoing, the Court may appoint counsel in this 28 U.S.C. § 2254 petition if discovery is required and must appoint counsel if an evidentiary hearing is set.  See Rules Governing Section 2254 Cases 6 and 8.  And, counsel may be appointed if "the court determines that the interest of justice so require."  18 U.S.C. § 3006A.

Petitioner has not made the threshold attempt of securing counsel without Court intervention.  However, even if Petitioner had made the requisite attempt, he still is not entitled to

3

counsel. The Court is of the opinion that appointing counsel in this matter will not make a difference. While Petitioner has filed a lengthy Petition, he is only alleging one habeas claim: that he is actually innocent of the crimes alleged. Petitioner appears to be competent to pursue this claim.

### Petition for a Writ of Habeas Corpus

Petitioner's first claim is that he is actually innocent of the murder count because there was insufficient evidence and because he was tortured into making a confession. Petitioner also raises claims that should be brought pursuant to 42 U.S.C. §1983. He asserts that he was given inadequate medical care in 1988, when he was first placed on death row (his sentence has since been commuted to a life sentence), and that for the past 17 years he has been tortured and given inadequate medical care.

Title 28 U.S.C.§ 2254 provides for habeas relief by a state inmate "on the grounds that he is in custody in violation of the Constitution." While Plaintiff's medical claims appear to be serious, they are unrelated to the fact and duration of his confinement – which are the only concerns of the habeas statute. See Cochran v. Buss, 381 F.3d 637, 639 (7th Cir, 2004). Rather, Plaintiff's medical claims are related to the conditions of his confinement and are brought pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment. Such claims can only be made in federal court pursuant to 42 U.S.C. § 1983

which allows Petitioner to sue state officials for constitutional violations. See Williams v. Wisconsin, 336 F.3d 576, 579 (7th Cir. 2003). Because habeas claims and § 1983 claims have different procedural requirements, including exhaustion of remedies and different filing fees, it is improper for this Court to re-characterize his claims. Glaus v. Anderson, 408 F.3d 382, 389 (7th Cir. 2005).

Consistent with Glaus, Plaintiff is HEREBY informed that his § 1983 claims, related to the medical care he received and is receiving, are DISMISSED WITHOUT PREJUDICE. Because these claims are dismissed without prejudice, this Court is not making a judgment on the merits of the case. Petitioner may refile these claims immediately by filing a Complaint pursuant to § 1983 (Petitioner should be familiar with this process as he already is pursuing a § 1983 case in this district, *Strickland v. Blagoyevich*, 1:07-cv-1073, currently before District Judge Baker). Petitioner should be aware that re-filing these claims will make them subject to various procedural requirements including the payment of a filing fee, exhaustion of administrative remedies, and the three strikes rule imposed by the Prison Litigation Reform Act. See 28 U.S.C. § 1915(g).

Finally, Petitioner is informed that his single habeas claim, that he is actually innocent of the crimes for which he stands convicted, is NOT dismissed at this time. In accordance

5

with Rule 4 of the Rules Governing § 2254 Cases, this Court must conduct a preliminary review of the claim and determine whether it plainly appears that Petitioner is not entitled to relief. The Petition outlines events that occurred prior to Petitioner's conviction.  He states that he was tortured into confessing and that there was insufficient evidence to support a conviction (because of the lack of eye-witnesses).  This Court has serious doubts as to the timeliness of the Petition as Petitioner was convicted in 1988.  Nonetheless, as that is an affirmative defense, this Court cannot conclude that the Petitioner is not entitled to relief at this stage of the proceedings.

IT IS THEREFORE ORDERED THAT:

>    1.   The Motion to Proceed *in forma pauperis*, filed by Petitioner on November 21, 2007 [Doc. 3] is GRANTED. Petitioner shall pay an initial filing fee of $4.00 within thirty (30) days of the date of this order. The remainder of the $5.00 filing fee shall be tendered as indicated above.
>
>    2.   The Motion for Appointment of Counsel filed by Petitioner on November 16, 2007 [Doc. 2] is DENIED.
>
>    3.   The Petition for Writ of Habeas Corpus filed by Petitioner, Tyrone Strickland, on November 16, 2007 [Doc. 1] is DISMISSED WITHOUT PREJUDICE IN PART.[1] Petitioner's claims with respect to his medical treatment while incarcerated are DISMISSED WITHOUT PREJUDICE.  Petitioner may re-file these claims as indicated above. In light of this conclusion, the following named Defendants are DISMISSED WITHOUT

---

[1] The Petition includes a Motion for Discovery related to Petitioner's § 1983 claims.  That Motion is DENIED WITHOUT PREJUDICE.

PREJUDICE: Roger E. Walker, Jr., Ellen C. Bruce, Rod Blagojevich.

4.  The Clerk is directed to serve, by certified mail, a copy of the Petition [Doc. 1] and this Order upon Respondents Eddie Jones and the Attorney General of the State of Illinois.

5.  The Respondent is ORDERED to file an Answer or other responsive pleading, consistent with Rule 5, within sixty (60) days after service of this Order.

6.  Petitioner SHALL serve upon the Attorney General of the State of Illinois a copy of any future pleadings, motions, or other documents.

Entered this  12th  day of December, 2007

                                        s/ Joe B. McDade
                                        JOE BILLY McDADE
                         United States District Judge